969 F. Supp. 1350

TOYOTA MOTOR SALES, U.S.A., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND NACCO MATERIALS HANDLING GROUP, INC., INDEPENDENT LIFT TRUCK BUILDERS UNION, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, INTERNATIONAL UNION, ALLIED INDUSTRIAL WORKERS OF AMERICA (AFL-CIO), & UNITED SHOP AND SERVICE EMPLOYEES DEFENDANT-INTERVENORS

Court No. 94–02–00106

(Dated July 15, 1997)

## JUDGMENT ORDER

CARMAN, *Chief Judge:* On June 14, 1996, this Court remanded to the Department of Commerce several issues arising from plaintiff's challenge to the administrative review covering the period between June 1, 1989 and May 31, 1990, of an antidumping order on certain internal-combustion, industrial forklift trucks from Japan. *See Toyota Motor Sales, U.S.A., Inc. v. United States*, 930 F. Supp. 636 (CIT 1996). In compliance with this Court's remand order, the Department of Commerce filed its remand results on October 9, 1996. *See Final Results of Redetermination Pursuant to Court Remand: Toyota Motor Sales, U.S.A., Inc. v. United States, Slip Op. 96–95 (June 14, 1996)* (date stamped Oct. 9, 1996) *("Redetermination").*

Observing that plaintiff has submitted comments requesting this Court uphold Commerce's *Redetermination*, and noting that defendant and defendant-intervenor have not filed comments on the *Redetermination*, it is hereby

ORDERED that the Department of Commerce's *Redetermination* is affirmed.

---

[12] The court's decision to sustain Customs' ruling that notwithstanding CPC's processing to enhance the taste, smoothness and shelf life of the product, and such processing would not result in a "substantial transformation" of the Canadian-origin slurry because the essential character of CPC's Skippy brand peanut butter is imparted by peanut slurry (both imported and domestic-origin), carries no negative connotation whatever regarding either CPC's United States processing or of the quality of the resulting finished peanut butter.